[Civ. No. 4841.   First Appellate District, Division One.—May 2, 1924.]

MRS. MAGGIE GORE, Petitioner, v. INDUSTRIAL AC-
CIDENT COMMISSION OF THE STATE OF CALI-
FORNIA et al., Respondents.

[1] WORKMEN'S   COMPENSATION   ACT — INJURIES   TO   EMPLOYEE —
CAUSE OF DEATH—FINDINGS—EVIDENCE—REHEARING.—A petition
for a rehearing in a proceeding before the Industrial Accident
Commission by a widow for a death benefit which she claimed as
a result of her husband's death, alleged to have been due to in-
juries received in the course of his employment, was rightfully
denied by the commission where the evidence supported the find-
ings of the commission to the effect that the husband's death was
the result of a tubercular condition not caused by the injuries,
and that the injuries did not aggravate or exacerbate such con-
dition.

[2] ID.—PROOF OF CLAIM—UPON WHOM BURDEN RESTS—EVIDENCE.—
In such a proceeding, the burden was upon the widow to prove
her claim, and this burden was not met by her where there was
no medical testimony to show that the injuries caused the death
of her husband, but, on the contrary, it was shown by abundant
evidence that his death was caused by chronic tuberculosis, and
that such injuries did not aggravate or exacerbate this condition.

---

(1) Workmen's Compensation Acts, **C. J.,** p. 115, sec. 114.    (2)
Workmen's Compensation Acts, **C. J.,** p. 115, secs. 112, 114.

PROCEEDINGS in Certiorari to annul an order of
the Industrial Accident Commission denying death benefit.
Award affirmed.

The facts are stated in the opinion of the court.

Thomas C. Butler for Petitioner.

Warren H. Pillsbury for Respondent.

TYLER, P. J.—Petition for writ of review for the pur-
pose of having the lawfulness of the findings of fact, de-
cision and award of the respondent, Industrial Accident

---

1.   Pre-existing physical condition of employee which causes or con-
tributes to injury or death, notes, 19 A. L. R. 95; L. R. A. 1917D,
110, 129; L. R. A. 1918F, 869.   See, also, 28 R. C. L. 816.

2.   See 28 R. C. L. 826.

Commission, denying a death benefit in favor of petitioner, the widow of a deceased employee of respondent Quaker Hill Gold Mines Company, inquired into and determined.

It appears from the petition that the deceased Charles C. Gore, was the husband of petitioner; that on August 3, 1920, while in the employ of said mining company, he fell from a ladder and received injuries consisting of a slight bruise of the right elbow, which, however, did not interfere with his employment. Subsequently, on November 29, 1920, while at work, he again sustained a fall, causing a further injury to the elbow. He still continued in his employment until January 7, 1921, when he was obliged to quit, so it is claimed, on account of these accidents.

The State Compensation Insurance Fund was the insurance carrier for the employer. No payments of compensation having been made to Gore, he filed an application in writing on April 12, 1921, for compensation under the provisions of the Workmen's Compensation Act, and made the mining company and State Compensation Insurance Fund parties defendant therein. On May 26, 1921, the matter came on for hearing before the Commission. No claim was made by Gore in this proceeding of any negligence or misconduct on the part of the employer. Two months thereafter, on July 6, 1921, a compromise and release agreement was entered into by and between the employer and employee, and filed with the Commission for approval, in the sum of $1,000, in satisfaction of the liability assumed by the employer and on account of any claims existing by reason of injuries sustained by Gore in the course of his employment. This agreement was disapproved by the respondent Commission. The State Compensation Insurance Fund then began paying $20.33 per week, workmen's compensation benefits, although the matter was not fully determined, and it paid the same up to the time of the applicant's death.

In April, 1923, being dissatisfied with the treatment he was receiving, Gore came to San Francisco, where he died on April 23d, two days after his arrival.

On April 26, 1923, petitioner filed an application for death benefits, based upon the claim that her husband's demise was due to the injury he had received. This matter came on for hearing May 10th, following, at which time it

was consolidated with the undetermined application made by the deceased for compensation for his injury. It was not contended under this application that there was any negligence or misconduct on the part of the employer; on the contrary, it was stipulated otherwise.

Upon the reports of the physicians who examined deceased immediately preceding his death it appeared that the injury which deceased had received to his elbow had nothing to do with his death. The report of the autopsy surgeon found that death was due to general tuberculosis, involving the lungs, kidneys, bladder and prostate, with chronic pleurisy and chronic peritonitis. It further appeared from the report that a tuberculous fistula of the elbow of deceased existed, but in the opinion of the surgeon the tuberculosis of the lungs was the most likely original source of the disease, which had spread to the other organs; that the injury had caused a localization of the tuberculous process in the elbow, but that it was hardly possible that the condition of the elbow was related to the cause of death. Other medical reports were to the same effect.

Upon the conclusion of the hearings the Commission found that death was the result of chronic pulmonary tuberculosis and chronic tuberculosis of the left kidney and the genito-urinal tract; that such condition was not caused by either of the injuries received by the deceased, and further, that such injuries did not aggravate or exacerbate the tuberculous condition, and that neither was the cause of death, nor were they the cause of any disability beyond the period for which the employee received compensation, and that no further compensation was due. Accordingly it was ordered that the applicant take nothing by reason of her asserted claims.

A petition for a rehearing was filed upon the grounds that the evidence did not justify the findings and that the findings do not support the order or award.

[1] This petition was denied, and, we think, rightfully so, as we are of the opinion that the evidence fully supports the findings of the Commission.

[2] The burden was upon appellant to prove her claim (sec. 19d, Compensation Act). This burden was not met by her. There is no medical testimony in the record to show that the injuries to the elbow caused the death of

Gore, but, on the contrary, it was shown by abundant evidence that his death was caused by chronic tuberculosis, and that such injuries did not aggravate or exacerbate this condition. This being so, the Commission was fully justified in denying a death benefit.

The award is affirmed.

Knight, J., and St. Sure, J., concurred.